**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

ANTWAN PHELPS,

    Petitioner,

v.

WARDEN, TRUMBULL
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:16-cv-1065
**JUDGE GEORGE C. SMITH
Magistrate Judge King**

## ORDER

On October 13, 2017, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation* (Doc. 16). Petitioner objects to that recommendation. *Objection* (Doc. 17). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. 17) is **OVERRULED**. The *Report and Recommendation* (Doc. 16) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his December 2013 conviction, following a jury trial in the Franklin County Court of Common Pleas, on a charge of murder with a firearm specification. As his single claim for federal habeas corpus relief, Petitioner asserts that he was denied the effective assistance of appellate counsel based on his attorney's failure to raise on appeal a claim that he was denied a fair trial due to the visible use of shackles during trial. The Magistrate Judge recommended the dismissal of this claim on the merits, reasoning that the record fails to support this claim. In his objection, Petitioner maintains that the trial transcript, which indicates that

defense counsel requested the removal of Petitioner's handcuffs just prior to the start of trial, establishes this claim in light of his parents' affidavits, which are not part of the trial record.

However, the trial transcript does not indicate that Petitioner was shackled and/or handcuffed during trial, or that restraints were visible to the jury. Moreover, Ohio does not permit off-the-record documents, such as the affidavits submitted by Petitioner to the state appellate court, to be considered on direct appeal, and the state appellate court rejected Petitioner's claim on this basis. Petitioner cannot establish, under these circumstances, that his appellate attorney was ineffective, nor can he establish that the appellate court unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), or based its decision on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d). Petitioner's *Objection* (Doc. 17) is therefore **OVERRULED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* ⸺U.S. ⸺. ⸺, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

In view of the record, this Court is not persuaded that reasonable jurists could debate whether Petitioner's claim should have been resolved differently. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

    *\s\ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**